ANSTEAD, J.,
concurring in part and dissenting in part.
While I agree with virtually all of the observations of Justice Lewis in his separate opinion, I write to separately acknowledge the wisdom and constructive effort of the majority in deferring consideration of the issue of entitlement to counsel while seeking assistance from the Legislature in fully implementing and funding this constitutional imperative. In its discussion of this issue, the majority has presented a compelling case for action by both this Court and the Legislature to insure the integrity and reliability of the waiver process. There is no question that all three branches of government should be working together in seeing that children whose lives may be dramatically and permanently altered by a decision to waive counsel in juvenile proceedings are afforded access to counsel before making that critically important decision. I join the majority in urging the Legislature to help make this access clear.
The juvenile system stands as our society’s commitment to do everything in its power to rescue and rehabilitate our children before they achieve majority, and are subject to the severe and unforgiving sanctions of the adult penal system. Explicit in this juvenile scheme for treating children differently is the recognition of the immaturity of the child offender in assessing her culpability; as well as the hope that with proper correction and guidance the child’s future will be saved; and society will gain as well by restoring the child on a path to becoming a productive citizen.
The recognition of the immaturity of the child is at the core of this juvenile scheme, and its importance cannot be discounted in our assessment of the child’s constitutional right to counsel and the child’s informed waiver of that right. As the majority opinion makes clear, we have consistently rec *886 ognized that there is a very real and substantial difference between the capacity of a competent adult to waive an entitlement to counsel and the capacity of an immature child to make such a critical decision. In fact, the majority opinion cites to numerous instances when this difference has been overlooked, only to cause later and more costly problems in the system. Because of this difference in capacity based on the lack of maturity implicit in the disability of non-age, it is absolutely essential that we broadly construe the child’s constitutional right to counsel to include consultation with counsel at this critical stage of the proceedings where waiver of counsel is being considered. As our experience makes clear, the immaturity of the child may often include an anxiety and immediate desire to waive any entitlements in order to obtain the short term (and often short-sighted), goal of just having the matter resolved. In other words, to get it over with. While that choice may still be made, it should only be done with full awareness of its consequences, both short term and long. That is all that the Commission on the Legal Needs of Children and the numerous other child advocates participating in these proceedings seek in asking for assistance from this Court and the Legislature.